**IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF OHIO EASTERN DIVISION**

JAMES BURCHAM, et al.,

      **Plaintiffs,**

  v.                                  Civil Action 2:17-cv-115
                                         Chief Judge Edmund A. Sargus, Jr.
                                         Magistrate Judge Jolson

TAUBRA CORP., et al.,

      **Defendants.**

## ORDER

This matter is before the Court on Defendants' Amended Motion to Transfer Venue. (Doc. 19). For the reasons that follow, the Motion is **GRANTED**.

### I.  BACKGROUND

Plaintiffs initiated this action on February 7, 2017, alleging that Defendant Taubra Corp. ("Taubra") had misclassified Plaintiffs and other courier drivers as independent contractors under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b) and Ohio law. (Doc. 1). As a result of this alleged misclassification, Plaintiffs seek, *inter alia*, unpaid overtime compensation, unpaid minimum wages, and liquidated damages. (*Id.* at 2). On March 30, 2017, Plaintiffs filed their Amended Complaint, adding Defendant Judith Bowers Francis, the owner and operator of Taubra. (Doc. 12; *see also* Doc. 21 at 2).

On April 11, 2017, Defendants filed the instant Motion seeking to transfer this case under 28 U.S.C. § 1404 to the United States District Court for the Southern District of Ohio, Western Division in Dayton, Ohio, pursuant to contracts entered between the parties, which included a forum-selection clause for exclusive venue in Montgomery County, Ohio. (Doc. 19). The forum-selection clause was within a contract titled "Independent Contractor Agreement," and

stated:

> **INTERPRETATION OF THE AGREEMENT.** This Agreement shall be interpreted under the laws of the State of Ohio. The relationship between the parties shall be that of Independent Contractors and not of employer-employee. Both parties agree to the exclusive venue and jurisdiction of state and federal courts based in Montgomery County, Ohio.

(Doc. 19-1, PAGEID #: 123).

In the same Motion, Defendants also sought an extension to file its Answer until fourteen days after this Court ruled on the Motion to Transfer. (*Id.* at 5). On April 27, 2017, the Court stayed Defendants' deadline to file their Answer to ensure that there was sufficient time to consider the briefing. (Doc. 22). As to the Motion to Transfer, Plaintiffs filed their Response in Opposition on April 24, 2017 (Doc. 21), and Defendants filed their Reply Memorandum in support on May 1, 2017 (Doc. 25). The Motion to Transfer is thus now ripe for consideration.

## II. DISCUSSION

Defendants seek to transfer this case pursuant to 28 U.S.C. § 1404(a), which reads: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." District Courts have broad discretion to determine if transfer is appropriate under the statute. *See Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009).

Review under § 1404(a) entails a two-step process. *Fed. Deposit Ins. Corp. v. Paragon Mortg. Servs., Inc.*, No. 1:15 CV 2485, 2016 WL 2646740, at *1–2 (N.D. Ohio May 10, 2016). "First, [Defendants'] proposed alternative forum must be a district 'where [the action] might have been brought.'" *Id.* (citing 28 U.S.C. § 1404(a)). Second, the Court weighs a myriad of factors to determine whether transfer is appropriate: (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the

convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Red Mortg. Capital, LLC v. Shores, LLC*, No. 2:16-CV-678, 2017 WL 1196170, at *9 (S.D. Ohio Mar. 31, 2017) (citing *Inter-Nat'l Found. Corp. v. Disney 1999 Ltd. P'ship*, No. 09-cv-983, 2010 WL 1438759, at *2 (S.D. Ohio Apr. 9, 2010)). "The party seeking transfer has the burden to prove that the balance of convenience is strongly in favor of transfer." *Paragon Mortg. Servs., Inc.*, 2016 WL 2646740, at 2 (citing *Jamhour v. Scottsdale Ins. Co.*, 211 F. Supp. 2d 941, 947 (S.D. Ohio 2002)).

However, as previously noted, the parties entered a contract that contained a forum-selection clause. This, according to the Supreme Court, changes the analysis:

> In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a forum non conveniens motion) must evaluate both the convenience of the parties and various public-interest considerations. Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve the convenience of parties and witnesses...and otherwise promote the interest of justice. § 1404(a).
>
> The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum. The enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system. For that reason, and because the overarching consideration under § 1404(a) is whether a transfer would promote the interest of justice, a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.

*Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 581 (2013) (internal citations and quotations omitted). Thus, when the parties have a valid forum-selection clause, Plaintiffs' choice of forum no longer merits any weight because they have "effectively

3

exercised its 'venue privilege' before a dispute arises [] [and] [o]nly that initial choice deserves deference." *Id.* at 582. The parties' private interests are likewise no longer considered. "As such, courts may only consider public-interest factors which 'will rarely defeat a transfer motion.'" *Shores, LLC*, 2017 WL 1196170, at *9 (quoting *Atl. Marine Const. Co.*, 134 S. Ct. at 582). Accordingly, the Supreme Court has held when a forum-selection clause is present, "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Atl. Marine Const. Co.*, 134 S. Ct. at 581. Plaintiffs bear the burden of proving why the case should not be transferred to the selected forum. *See id.* at *581*.

As an initial matter, the validity of the parties' contract and forum-selection clause is not disputed. Instead, Plaintiffs argue that the forum-selection clause does not apply to this matter, as it is to be narrowly construed as limited to disputes arising from the Independent Contractor Agreement. (Doc. 21 at 2–3). In other words, Plaintiffs believe that because the claims at issue in this action do not specifically relate to the Independent Contractor Agreement, and instead involve FLSA claims, the forum-selection clause does not apply. To support their position, Plaintiffs engage in an extended discussion of how Courts are to look at the "economic realities" of the business relationships in FLSA cases, rather than the contractual intent of purported independent contractor agreements. (*See id.* at 3–7). This argument, however, goes to the merits of this case, *i.e.* whether Plaintiffs should be classified as employees or independent contractors, and is therefore not an appropriate consideration for evaluating a motion to transfer under §1404.

Instead, the Court must look to whether the parties intended the forum-selection clause to govern claims like the one at issue. It is worth noting that the party opposing a forum-selection clause—in this case Plaintiffs—bears the burden of showing that the clause should not be

4

enforced." *North v. McNamara*, 47 F. Supp. 3d 635, 640 (S.D. Ohio 2014) (citing *Wong v. PartyGaming, Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009). Plaintiffs rely on cases outside this district and Circuit for the proposition that the Independent Contractor Agreement "has no bearing" on their FLSA claims, and thus the forum-selection clause contained in the agreement is inapplicable. (Doc. 21 at 4–5 (citing *Chebotnikov v. LimoLink, Inc.*, 150 F.Supp. 3d 128, 131 (D. Mass. 2015); *Pacheco v. St. Luke's Emergency Assoc.*, P.C., 879 F.Supp. 2d 136, 151 (D. Mass. 2012)); *Daniels v. Dataworkforce LP*, No. 14-cv-822, 2014 WL 6657794 (D. Colo. Nov. 24, 2014)). Upon review, however, the forum-selection clauses at issue in those cases contained explicit language limiting the clause: "[i]f a dispute arises *under the terms of this Agreement*, such disputes shall be submitted to arbitration in Cedar Rapids," *Chebotnikov*, 150 F. Supp. 3d 130–131; "[j]urisdiction of *any dispute derived out of this agreement* shall be in either the Bristol County (Massachusetts) District Court, *Pacheco*, 879 F. Supp. at 140; and "exclusive jurisdiction to interpret or enforce any provision of *this Agreement* shall be in a court . . . in Collins County, Texas", *Daniels*, 2014 WL 6657794, at *2 (emphasis added). No such limiting language appears in the forum-selection clause in this case.

In fact, the forum-selection clause in this matter states that "[t]he relationship between the parties shall be that of Independent Contractors and not of employer-employee. Both parties agree to the exclusive venue and jurisdiction of state and federal courts based in Montgomery County, Ohio." (Doc. 19-1, PAGEID #: 123). Not only is there no language limiting the clause to the Independent Contractor Agreement, but the sentence preceding the venue selection is precisely what this lawsuit is about—whether Plaintiffs should be considered independent contractors or employees. Further, the Independent Contractor Agreement discusses the effect of the United States Department of Labor or any other governmental agency issuing regulations or

5

enacting laws or regulations (*see* Doc 19-1, PAGEID #: 122), supporting Defendants' position that the forum-selection clause applies to matters outside of the Agreement. This, coupled with the principle that forum-selection clauses are presumed to be valid and should be enforced "unless enforcement is shown by the resisting party to be unreasonable under the circumstances," persuades this Court that the clause at issue applies here. *See Sec. Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 375 (6th Cir. 1999) (internal quotations and citation omitted).

Having determined that that forum-selection clause is enforceable and applicable to this matter, under *Atlantic Marine*, the Court needs to consider only the public interests at stake. Here, Plaintiffs present no arguments that any public interest weigh against transfer, and the Court believes no such concerns exist. Further, no extraordinary circumstances have been argued by Plaintiffs that counsel against a transfer. Finally, the parties do not dispute that the claim could have been properly brought in the United States District Court for the Southern District of Ohio, Western Division. Thus, the Court finds that transfer under § 1404(a) is proper and appropriate.

### III.  CONCLUSION

For the reasons stated, Defendants' Amended Motion to Transfer Venue (Doc. 19) is **GRANTED.** This case shall hereby be **TRANSFERRED** to the United States District Court for the Southern District of Ohio, Western Division in Dayton, Ohio. As to Defendants' answer deadline, the stay remains in place until the Transferring Court has occasion to rule. (*See* Doc.

22).

    IT IS SO ORDERED.

Date:  May 12, 2017                              <u>/s/ Kimberly A. Jolson</u>
                                                            KIMBERLY A. JOLSON
                                                            UNITED STATES MAGISTRATE JUDGE